(Official Form 1) (12/03) West Group, Rochester, NY

| FORM B1 | United States Bankruptcy Court<br>_NORTHERN_ District of _ILLINOIS_ | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>_Dusek, Curt, W_ | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>_NONE_ | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.<br>(if more than one, state all) _7244_ | Last four digits of Soc. Sec. No./Compete EIN or other Tax I.D. No.<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>_206 South Wooddale Road_<br>_Wood Dale Il  60191_ | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business: _DuPage_ | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>_SAME_ | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(If different from street address above): _NOT APPLICABLE_ | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|---|
| ☒ Individual(s) ☐ Railroad | | ☒ Chapter 7   ☐ Chapter 11   ☐ Chapter 13 |
| ☐ Corporation ☐ Stockbroker | | ☐ Chapter 9   ☐ Chapter 12 |
| ☐ Partnership ☐ Commodity Broker | | ☐ Sec. 304 - Case ancillary to foreign proceeding |
| ☐ Other _____ ☐ Clearing Bank | | |

| **Nature of Debts** (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| ☒ Consumer/Non-Business   ☐ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | |
| ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | |

**Statistical/Administrative Information** (Estimates only)

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.

☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

(Official Form 1) (12/03) West Group, Rochester, NY

| **Voluntary Petition** | Name of Debtor(s): | **FORM B1, Page 2** |
|---|---|---|
| *(This page must be completed and filed in every case)* | *Curt W Dusek* | |

| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: *NONE* | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: *NONE* | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X */s/ Curt W Dusek*
Signature of Debtor

X
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

*10/14/2005*
Date

### Signature of Attorney

X */s/ Lauren E. Schaaf*
Signature of Attorney for Debtor(s)

*Lauren E. Schaaf 27743*
Printed Name of Attorney for Debtor(s)

*Lavelle Legal Services*
Firm Name

*208 S. LaSalle St.*
Address

*Suite 1200*

*Chicago IL  60604*

*312/332-7556*      *10/14/2005*
Telephone Number            Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

*10/14/2005*
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)

☐ Exhibit A is attached and made a part of this petition

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X */s/ Lauren E. Schaaf*      *10/14/2005*
Signature of Attorney for Debtor(s)      Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health and safety?

☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Printed Name of Bankruptcy Petition Preparer

Social Security Number

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X
Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

FORM B6A (6/90) West Group, Rochester, NY

In re _Curt W Dusek_____ / Debtor    Case No._____
(if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| _None_ | | | | _None_ |

No continuation sheets attached

**TOTAL $**    _0.00_
**(Report also on Summary of Schedules.)**

In re  _Curt W Dusek_ _____ / Debtor    Case No. _____

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | None | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand. | | *Cash* *Location: In debtor's possession* | | $ 100.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *Checking Account - Harris Bank* *Location: In debtor's possession* | | $ 750.00 |
| | | *Checking Account - First Bank* *Location: In debtor's possession* | | $ 750.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | *Security Deposit - held by Landlord (Robert Johnson)* *Location: In Landlord's possession* | | $ 250.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | *Household goods* | | $ 1,000.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | *Books & pictures* | | $ 200.00 |
| 6.  Wearing apparel. | | *Necessary Clothing* *Location: In debtor's possession* | | $ 1,500.00 |
| 7.  Furs and jewelry. | | *Wedding Ring* *Location: In debtor's possession* | | $ 500.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

In re _Curt W Dusek_ _____ / Debtor        Case No. _____

(if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts Receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | _Truck - 1992 Chevrolet 2500 w/ 91,000 miles Location: In debtor's possession_ | | $ 2,500.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |

In re  **Curt W Dusek** _____ / Debtor    Case No. _____

(if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | Total ➡ | $ 7,550.00 |

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

In re _Curt W Dusek_ / Debtor    Case No. _____

(if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b) (1):   Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b) (2):   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| Cash | 735 ILCS 5/12-1001(b) | $ 100.00 | $ 100.00 |
| Checking Account | 735 ILCS 5/12-1001(b) | $ 750.00 | $ 750.00 |
| Checking Account | 735 ILCS 5/12-1001(b) | $ 750.00 | $ 750.00 |
| Security Deposit | 735 ILCS 5/12-901 | $ 250.00 | $ 250.00 |
| Household goods | 735 ILCS 5/12-1001(b) | $ 400.00 | $ 1,000.00 |
| Books & pictures | 735 ILCS 5/12-1001(d) | $ 200.00 | $ 200.00 |
| Necessary Clothing | 735 ILCS 5/12-1001(a) | $ 1,500.00 | $ 1,500.00 |
| Wedding Ring | 735 ILCS 5/12-1001(a) | $ 500.00 | $ 500.00 |
| Truck | 735 ILCS 5/12-1001(c) | $ 1,200.00 | $ 2,500.00 |

FORM B6D (12/03) West Group, Rochester, NY

In re _Curt W Dusek_ _____ / Debtor    Case No._____

(if known)

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column marked "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☒ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |

No continuation sheets attached

Subtotal $  0.00
(Total of this page)

Total $  0.00
(Use only on last page. Report total also on Summary of Schedules)

FORM B6E (4/04) West Group, Rochester, NY

In re _Curt W Dusek_____ / Debtor        Case No._____

                                                                                    (if known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☒ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance or Support**
Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                    _1_____ continuation sheets attached

In re _Curt W Dusek_____ / Debtor          Case No._____

(if known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

TYPE OF PRIORITY    *Extensions of credit in an involuntary case*

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and consideration for Claim | Contingent | Unliquidated | Disputed | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|
| | | H--Husband W--Wife J--Joint C--Community | | | | | |
| Account No: *3323*<br>*Creditor # : 1*<br>*City of San Diego*<br>*1010 2nd Avenue*<br>*San Diego CA 92101* | | *11/2003*<br>*Miscellaneous Government Debt* | | | | $ 166.00 | $ 166.00 |
| Account No: *7244*<br>*Creditor # : 2*<br>*Illinois Department of Revenue*<br>*Collection Services Division*<br>*PO Box 19035*<br>*Springfield Il 62794-9035* | | *08/2005*<br>*Taxes* | | | | $ 128,839.09 | $ 128,839.09 |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No. _1_ of _1_ continuation sheets attached to

Schedule of Creditors

Subtotal $    *129,005.09*
(Total of this page)

Total $    *129,005.09*
(Use only on last page of the completed Schedule E. Report total also on Summary of Schedules.)

FORM B6F (12/03) West Group, Rochester, NY

In re  Curt W Dusek                                                    / Debtor          Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:   0497<br>Creditor # : 1<br>AFNI, Inc<br>PO Box 3097<br>Bloomington Il 61702 | | 02/2004<br>Medical Bills | | | | $ 518.00 |
| Account No:   8201<br>Creditor # : 2<br>AFNI, Inc<br>PO Box 3097<br>Bloomington Il 61702 | | 02/2005<br>Medical Bills | | | | $ 2,229.00 |
| Account No:   1320<br>Creditor # : 3<br>Ameritech Publishing<br>714 West Lake Street<br>Oak Park Il 60301 | | 03/2004<br>Judgment | | | | $ 6,412.00 |
| Account No:   7001<br>Creditor # : 4<br> ARSI<br>555 St Charles Drive<br>Suite 100<br>Thousand Oaks CA 91360 | | 07/2005<br>Utility Bills | | | | $ 237.43 |

   7 continuation sheets attached

| | Subtotal $ | 9,396.43 |
|---|---|---|
| | (Total of this page) | |
| | Total $ | |
| | (Report total also on Summary of Schedules) | |

FORM B6F (12/03) West Group, Rochester, NY

In re  Curt W Dusek                                    / Debtor          Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| | | H--Husband W--Wife J--Joint C--Community | | | | | |
| Account No:  7692<br>Creditor # : 5<br>Asset Acceptance LLC<br>PO Box 2038<br>Warren MI 48090 | | 05/2005<br>Gas | | | | | $ 90.00 |
| Account No:  -225<br>Creditor # : 6<br>Associated Recovery Systems<br>201 West Grand Avenue<br>Escondido CA 92025 | | 10/2005<br>Credit Card Purchases | | | | | $ 22,255.58 |
| Account No:  9687<br>Creditor # : 7<br>BMW Financial Services<br>PO Box 78103<br>Phoenix AZ 85062-8103 | | 08/2004<br>Auto Loan | | | | | $ 8,861.00 |
| Account No:  M851<br>Creditor # : 8<br>BMW of Peoria<br>1720 W Pioneer Pkwy<br>Peoria Il 61615 | | 07/2002<br>Judgment | | | | | $ 11,517.00 |
| Account No:  C337<br>Creditor # : 9<br>Cable Plus Inc<br>659 South Elmwood<br>Suite 1<br>Aurora Il 60506 | | 09/1999<br>Judgment | | | | | $ 3,996.00 |
| Account No:  4490<br>Creditor # : 10<br>CCB Inc<br>5300 S Sixth Street<br>Springfield Il 62704 | | 03/2003<br>Miscellanous Expense | | | | | $ 967.00 |

Sheet No.  1  of  7 continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   47,686.58
(Total of this page)

Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re   Curt W Dusek                                            / Debtor          Case No._____

                                                                                              (if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:   5CIP <br> Creditor # : 11 <br> Central Illinois Pathology <br> PO Box 9190 <br> Peoria Il 61612-9190 | | 12/2004 <br> Medical Bills | | | | $ 34.00 |
| Account No:   1825 <br> Creditor # : 12 <br> Central Illinois Radiological <br> PO Box 3100 <br> Peoria Il 61612-3100 | | 09/2005 <br> Medical Bills | | | | $ 202.00 |
| Account No:   5726 <br> Creditor # : 13 <br> Chase Bank USA NA <br> Bank One Card Services <br> Westerville OH 43081 | | 09/2005 <br> Credit Card Purchases | | | | $ 485.00 |
| Account No:   3260 <br> Creditor # : 14 <br> Citi Cards CBSDNA <br> PO Box 6241 <br> Sioux Falls SD 57117 | | 09/2005 <br> Credit Card Purchases | | | | $ 22,255.00 |
| Account No:   0440 <br> Creditor # : 15 <br> Crescent Electric Supply <br> 1500 Ne Adams Street <br> Peoria Il 61603-3402 | | 03/2002 <br> Judgment | | | | $ 4,058.00 |
| Account No:   304 <br> Creditor # : 16 <br> E. Lee Hofmann | | 09/2004 <br> Litigation claim | | | | $ 1,045,000.00 |

Sheet No.   2  of   7 continuous sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   1,072,034.00
(Total of this page)

Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re  Curt W Dusek _____ / Debtor          Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | H--Husband W--Wife J--Joint C--Community | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: <br><br> *Representing:* <br> *E. Lee Hofmann* | | *Jospeh B. VanFleet* <br> *Peoria Professional Building* <br> *207 Main Street, Ste 500* <br> *Peoria Il 61602* | | | | | |
| Account No:   *3641* <br> *Creditor # : 17* <br> *ER Solutions* <br> *500 SW 39th Street* <br> *Renton WA 98055* | | *03/2005* <br>  *Credit Card Purchases* | | | | | $ 1,287.00 |
| Account No:   *0465* <br> *Creditor # : 18* <br> *ER Solutions* <br> *500 SW 39th Street* <br> *Renton WA 98055* | | *12/2004* <br> *Miscellanous Expense* | | | | | $ 1,128.00 |
| Account No:   *1616* <br> *Creditor # : 19* <br> *G and K Services* <br> *5995 Opus Pkwy* <br> *Minnetonka MN 55343* | | *11/2001* <br> *Judgment* | | | | | $ 10,330.00 |
| Account No:   *8233* <br> *Creditor # : 20* <br> *GEMB/JC Penny* <br> *PO Box 984100* <br> *El Paso TX 79998* | | *09/2005* <br>  *Credit Card Purchases* | | | | | $ 1,037.00 |
| Account No:   *7127* <br> *Creditor # : 21* <br> *GMAC* <br> *8017 Knoxville* <br> *Peoria IL 61615* | | *09/1999* <br> *Auto Lease* | | | | | $ 250.00 |

Sheet No.   3   of   7  continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $ | 14,032.00
(Total of this page)
Total $ |
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re  _Curt W Dusek_ _____ / Debtor      Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|---|
| | | H--Husband<br>W--Wife<br>J--Joint<br>C--Community | | | | | |
| Account No:  *304*<br><br>*Creditor # : 22*<br>*Hofcom, LLC*<br>*2717 W North Street*<br>*Edelstein Il 61526* | | *09/2004*<br>*Litigation claim* | | | | | *$ 1,045,000.00* |
| Account No:<br><br>*Representing:*<br>*Hofcom, LLC* | | *Joseph B. VanFleet*<br>*Peoria Professional Building*<br>*207 Main Street, Ste 500*<br>*Peoria Il 61602* | | | | | |
| Account No:  *5679*<br>*Creditor # : 23*<br>*Illinois Collections*<br>*PO Box 305*<br>*Pekin Il 61554* | | *09/2005*<br>*Credit Card Purchases* | | | | | *$ 414.00* |
| Account No:  *304*<br>*Creditor # : 24*<br>*International Supply Co.*<br>*2717 W. North Street*<br>*Edelstein Il 61526* | | *09/2004*<br>*Litigation claim* | | | | | *$ 1,045,000.00* |
| Account No:<br><br>*Representing:*<br>*International Supply Co.* | | *Joseph B. VanFleet, LLC*<br>*Peoria Professional Building*<br>*207 Main Street, Ste 500*<br>*Peoria Il 61602* | | | | | |
| Account No:  *8287*<br>*Creditor # : 25*<br>*Lexus of Peoria*<br>*7301 North Allen Road*<br>*Peoria Il 61614* | | *07/2005*<br>*Atuto Maintenance* | | | | | *$ 3,607.20* |

Sheet No.  _4_ of  _7_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $        *2,094,021.20*
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re  Curt W Dusek _____ / Debtor      Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | | c o n t i n g e n t | u n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|---|
| | | H--Husband W--Wife J--Joint C--Community | | | | | |
| Account No:  1772 | | 07/2005 | | | | | $ 36,996.75 |
| Creditor # : 26 MJM Limited Partnership 411 Hamilton Blvd Suite 2000 Peoria Il 61602 | | Litigation claim | | | | | |
| Account No: Representing: MJM Limited Partnership | | Elias, Meginnes, Riffle & Segh 416 Main Street, Suite 1400 Attn Janaki Nair Peoria Il 61602 | | | | | |
| Account No:  6957 | | 09/2004 | | | | | $ 107.00 |
| Creditor # : 27 NCO Fin/31 PO Box 41667 Philadelphia PA 19101 | | water bill | | | | | |
| Account No:  1502 | | 08/2005 | | | | | $ 13,699.26 |
| Creditor # : 28 PALS Preschool and Kindergarte 2327 West Willow Knolls Peoria Il 61614 | | Preschool | | | | | |
| Account No: Representing: PALS Preschool and Kindergarte | | Pro Com Services of IL PO Box 202 Springfield Il 62705 | | | | | |
| Account No:  4956 | | 09/2005 | | | | | $ 159.61 |
| Creditor # : 29 Qwest Commercial-Latis | | Medical Bills | | | | | |

Sheet No.  5  of  7 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $  50,962.62
(Total of this page)

Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re   _Curt W Dusek_ _____ / Debtor        Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: <br> *Representing:* <br> *Qwest Commercial-Latis* | | *ERS Solutions, Inc.* <br> *PO Box 9004* <br> *Renton WA 98057-9004* | | | | |
| Account No:  *8735* <br> *Creditor # : 30* <br> *Sears* <br> *LVNV Funding* <br> *PO Box 740281* <br> *Houston  TX 77274* | | *07/2004* <br> *Credit Card Purchases* | | | | $ 2,969.00 |
| Account No:  *2331* <br> *Creditor # : 31* <br> *Touch of Class Autobody* <br> *8002 N Sommer* <br> *Peoria Il 61615* | | *01/2003* <br> *Judgment* | | | | $ 19,505.00 |
| Account No:  *304* <br> *Creditor # : 32* <br> *Trivalent Communication Co* <br> *921 West Detweiller Drive* <br> *Peoria Il 61615* | | *09/2004* <br> *Litigation claim* | | | | $ 1,045,000.00 |
| Account No: <br> *Representing:* <br> *Trivalent Communication Co* | | *Joseph B. VanFleet* <br> *Peoria Professional Building* <br> *207 Main Street, Ste 500* <br> *Peoria Il 61602* | | | | |
| Account No:  *304* <br> *Creditor # : 33* <br> *Trivalent Network Design, LLC* <br> *921 West Detweiller Drive* <br> *Peoria Il 61615* | | *09/2004* <br> *Litigation claim* | | | | $ 1,045,000.00 |

Sheet No.  _6_ of  _7_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $     *2,112,474.00*
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re _Curt W Dusek_____ / Debtor      Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:<br><br>*Representing:*<br>*Trivalent Network Design, LLC* | | | *Joseph B. VanFleet*<br>*Peoria Professional Building*<br>*207 Main Street, Ste 500*<br>*Peoria Il 61602* | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No. __7__ of __7__ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| **Subtotal $**<br>(Total of this page) | *0.00* |
| **Total $**<br>(Report total also on Summary of Schedules) | *5,400,606.83* |

FORM B6G (10/89) West Group, Rochester, NY

In re _Curt W Dusek_ _____ / Debtor        Case No. _____

                                                                              (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of
    creditors.

☐ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| _Robert Johnson_<br>_206 South Wooddale_<br>_Wood Dale Il   60191_ | Contract Type:_Residential lease_<br>Terms: _Six month lease_<br>Beginning date:_7/30/2005_<br>Debtor's Interest:_Lessor_<br>Description: _Condo Lease.   Debtor is lessee_<br><br>Buyout Option:_n/a_ |

FORM B6H (6/90) West Group, Rochester, NY

In re **_Curt W Dusek_** _____ / Debtor    Case No. _____

(if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |

FORM B6I (12/03) West Group, Rochester, NY

In re _Curt W Dusek_ _____ / Debtor    Case No. _____

(if known)

# SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: _Separated_ | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | AGE |
| | _son_ | _1_ |
| | _son_ | _3_ |
| | _Daughter_ | _8_ |
| | _Daughter_ | _19_ |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | _Commander_ | |
| Name of Employer | _Communication Sepcialist Group_ | |
| How Long Employed | _2 years_ | |
| Address of Employer | _201 N Churchill Road_ _Bensenville Il   60106_ | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $  _2,500.00_ | $  _0.00_ |
| Estimated Monthly Overtime | $  _0.00_ | $  _0.00_ |
| SUBTOTAL | $  _2,500.00_ | $  _0.00_ |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll Taxes and Social Security | $  _409.72_ | $  _0.00_ |
| b. Insurance | $  _0.00_ | $  _0.00_ |
| c. Union Dues | $  _0.00_ | $  _0.00_ |
| d. Other  (Specify): | $  _0.00_ | $  _0.00_ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $  _409.72_ | $  _0.00_ |
| TOTAL NET MONTHLY TAKE HOME PAY | $  _2,090.28_ | $  _0.00_ |
| Regular income from operation of business or profession or farm (attach detailed statement) | $  _0.00_ | $  _0.00_ |
| Income from Real Property | $  _0.00_ | $  _0.00_ |
| Interest and dividends | $  _0.00_ | $  _0.00_ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $  _0.00_ | $  _0.00_ |
| Social Security or other government assistance Specify: | $  _0.00_ | $  _0.00_ |
| Pension or retirement income | $  _0.00_ | $  _0.00_ |
| Other monthly income Specify: | $  _0.00_ | $  _0.00_ |
| TOTAL MONTHLY INCOME | $  _2,090.28_ | $  _0.00_ |
| TOTAL COMBINED MONTHLY INCOME          $       _2,090.28_ (Report also on Summary of Schedules) | | |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

FORM B6J (6/90) West Group, Rochester, NY

In re **_Curt W Dusek_** _____ / Debtor   Case No. _____
(if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 400.00 |
| Are real estate taxes included?   Yes ☐   No ☒ | |
| Is property insurance included?   Yes ☐   No ☒ | |
| Utilities: Electricity and heating fuel | $ 170.00 |
|     Water and sewer | $ 0.00 |
|     Telephone | $ 70.00 |
|     Other | $ 0.00 |
|     Other | $ 0.00 |
|     Other | $ 0.00 |
| Home maintenance (Repairs and upkeep) | $ 0.00 |
| Food | $ 250.00 |
| Clothing | $ 80.00 |
| Laundry and dry cleaning | $ 40.00 |
| Medical and dental expenses | $ 58.00 |
| Transportation (not including car payments) | $ 175.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 0.00 |
| Charitable contributions | $ 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
|     Homeowner's or renter's | $ 0.00 |
|     Life | $ 0.00 |
|     Health | $ 0.00 |
|     Auto | $ 35.00 |
|     Other | $ 0.00 |
|     Other | $ 0.00 |
|     Other | $ 0.00 |
| Taxes (not deducted from wages or included in home mortgage) | |
| Specify: | $ 0.00 |
| Installment payments: (in chapter 12 and 13 cases, do not list payments to be included in the plan) | |
|     Auto | $ 0.00 |
|     Other: | $ 0.00 |
|     Other: | $ 0.00 |
|     Other: | $ 0.00 |
| Alimony, maintenance, and support paid to others | $ 800.00 |
| Payments for support of additional dependents not living at your home | $ 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| Other: | $ 0.00 |
| Other: | $ 0.00 |
| Other: | $ 0.00 |
| TOTAL MONTHLY EXPENSES   (Report also on Summary of Schedules) | $ 2,078.00 |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re *Curt W Dusek*

Case No.
Chapter  7

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages on each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's  liabilities.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | *Yes* | *1* | $         0.00 | | |
| B-Personal Property | *Yes* | *3* | $     7,550.00 | | |
| C-Property Claimed as Exempt | *Yes* | *1* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *1* | | $         0.00 | |
| E-Creditors Holding Unsecured Priority Claims | *Yes* | *2* | | $   129,005.09 | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *8* | | $ 5,400,606.83 | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *1* | | | $     2,090.28 |
| J-Current Expenditures of Individual Debtor(s) | *Yes* | *1* | | | $     2,078.00 |
| Total Number of Sheets in All Schedules ▶ | | *20* | | | |
| Total Assets ▶ | | | $     7,550.00 | | |
| Total Liabilities ▶ | | | | $ 5,529,611.92 | |

In re _Curt W Dusek_ _____ / Debtor    Case No. _____

(if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___21___ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: _10/14/2005_ _____    Signature _/s/ Curt W Dusek_ _____

_Curt W Dusek_

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *Curt W Dusek*

Case No.

Chapter   **7**

_____/ Debtor

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

## 1. Income from employment or operation of business.

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter  13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition  is not  filed.)

 AMOUNT                                    SOURCE (if more than one)

*Year to date: $16,000.00*        *Communication Specialist Group, Inc.*
*   Last Year: $24,000.00*
*Year before: $6,000.00*

## 2. Income other than from employment or operation of business.

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is  not  filed.)

☒ NONE

## 3. Payments to creditors.

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition  is  not  filed.)

☒ NONE

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**4. Suits and administrative proceedings, executions, garnishments and attachments.**

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *MJM Limited Partnership v. Curt Dusek; 05 LM 1772* | *Contract litigation* | *Circuit Court of the Tenth Judicial District of Illinois, Peoria County* | *Pending* |
| *International Supply Co., et al v. Network Design Specialist, inc.; Lease & Development Corporation, In.; Illinois Communications Group Inc., and Curt William Dusek; 04 L 304* | | | |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**5. Repossessions, foreclosures and returns.**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Name: Wells Fargo Mortgage Address: 3300 West Sahara Avenue      Las Vagas, NV 89102-3220* | *06/2004* | *Description: 3827 N Millbrook Road, Peoria, IL 61615 Value: $102,000.00* |

---

**6. Assignments and receiverships.**

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 7. Gifts.

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.(Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 8. Losses.

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 9. Payments related to debt counseling or bankruptcy.

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: Timothy M. Hughes* *Address:* *501 W. Colfax Street* *Palatine, IL 60067* | *Date of Payment:* *Payor: Curt W Dusek* | *$1,000.00* |

---

## 10. Other transfers.

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 11. Closed financial accounts.

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 12. Safe deposit boxes.

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**13. Setoffs.**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**14. Property held for another person.**

List all property owned by another person that the debtor holds or controls.

☒ NONE

**15. Prior address of debtor.**

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| *Debtor: Curt Dusek* | *Name(s): Curt W Dusek* | *04/2004 - 07/2005* |
| *Address: 5903 W Ivybridge, Peoria, IL 61615* | | |
| *3827 N Millbrook, Peoria, IL 61615* | | *1989 - 03/2004* |

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

☒ NONE

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, release of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under and Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

☒ NONE

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

☒ NONE

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

☒ NONE

**18. Nature, location and name of business**

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencment of this case.

| NAME AND ADDRESS | TAXPAYER I.D. NUMBER | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|
| *Debtor is an Individual:* *Curt Dusek* *Business:  Communication* *Specialist Group* *Address: 201 N Churchill* *Road* | *TaxPayer ID:* | | |
| *Bensenville, IL   60106* | | | |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

☒ NONE

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of Perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date  _10/14/2005_          Signature  _/s/ Curt W Dusek_
                                       _Curt W Dusek_

Date  _____          Signature  _____

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. § 152 and § 3571.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *Curt W Dusek*

Case No.

Chapter  **7**

_____ / Debtor

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1.  I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2.  I intend to do the following with respect to the property of the estate which secures those consumer debts:

### a.  Property to Be Surrendered.

| Description of Property | Creditor's Name |
|---|---|
| *None* | |

### b.  Property to Be Retained.

[Check any applicable statement.]

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|
| *None* | | | | |

### Signature of Debtor(s)

Date: *10/14/2005*

Debtor: */s/ Curt W Dusek*

Date: *10/14/2005*

Joint Debtor:

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re  *Curt W Dusek*                                                      Case No.
                                                                           Chapter  7

_____ / Debtor

Attorney for Debtor:  *Lauren E. Schaaf*

# STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1.  The undersigned is the attorney for the debtor(s) in this case.

2.  The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
    a)  For legal services rendered or to be rendered in contemplation of and in
        connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____ *1,000.00*
    b)  Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . $_____ *1,000.00*
    c)  The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . $_____ *0.00*

3.  $ _____*209.00*_____ of the filing fee in this case has been paid.

4.  The Services rendered or to be rendered include the following:
    a)  Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to
        file a petition under title 11 of the United States Code.
    b)  Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the
        court.
    c)  Representation of the debtor(s) at the meeting of creditors.

5.  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
    services performed, and
        *None other*

6.  The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will
    be from earnings, wages and compensation for services performed, and
        *None other*

7.  The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for
    the value stated:
        *None*

8.  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's
    law firm, any compensation paid or to be paid except as follows:
        *None*

Dated: *10/14/2005*                          Respectfully submitted,


                              X */s/ Lauren E. Schaaf*_____
              Attorney for Petitioner: *Lauren E. Schaaf*
                                       *Lavelle Legal Services*
                                       *208 S. LaSalle St.*
                                       *Suite 1200*
                                       *Chicago IL   60604*

(4/98) West Group, Rochester, NY

# STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. § 341

INTRODUCTION

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of

(1) the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
(2) the effect of receiving a discharge of debts;
(3) the effect of reaffirming a debt; and
(4) your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

WHAT IS A DISCHARGE?

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every six (6) years.

WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed bankruptcy.

WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of creditors.

Reaffirmation agreements are strictly voluntary - they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues your discharge order or within sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later. If you reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtors' farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,077,000 ($269,250 in unsecured debts and $807,750 in secured debts).

AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

Form B 201 (11/03) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
# NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

## Chapter 7: Liquidation ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)

1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2.  Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5.  Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can expain the options that are available to you.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)

1.  Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3.  Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4.  After completion of payments under the plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

## Chapter 11: Reorganization ($800 filing fee plus $39 administrative fee)

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family farmer ($200 filing fee plus $39 administrative fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

| 10/14/2005 | /s/Curt W Dusek | |
| --- | --- | --- |
| Date | Signature of Debtor | Case Number |

DEBTOR COPY     COURT COPY
(circle one)